ORM 123 EDKY (Revised 8/96)

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
PURSUANT TO THE CIVIL RIGHTS ACT, 42 U.S.C. §1983
OR
PURSUANT TO BIVENS V. SIX UNKNOWN FEDERAL NARCOTICS AGENTS, 403 U.S. 388

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ~~~~~~~ MASSAChuetts

05 - 11335 NMG

Referred to MJ JoDein

Carter, Fondy
(Enter above the full name of the plaintiff in this action)

VS:                                          CASE NO. _____
                                                      (To be completed by Court)

(Deft. #1) Dr. Newland                       (Deft. #4) P.A. Ajigian

(Deft. #2) Dr. Spada                         (Deft. #5) P.A. Brooks

(Deft. #3) P.A. Jenescko                     (Deft. #6) Mr. Mennon
(Enter above the full name of the defendant(s) in this action)

I.    PREVIOUS LAWSUITS

      A.   Have you begun other lawsuits in State or Federal Court dealing with the same facts
           involved in this action or otherwise relating to your imprisonment?
                    Yes (  )              No ( X )

      B.   If your answer to A is YES, describe the lawsuit in the space below. (If there is more
           than one lawsuit, describe the additional lawsuits on another piece of paper, using the
           same outline.)

           1.   Plaintiffs                           N/A

           2.   Defendants

           3.   Court (If federal court, name the district; if state court, name the county):

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

FONDY CARTER                        ]
                                    ]
                                    ]
         v.                         ] Case No. _____
                                    ]         To be completed by Court
                                    ]
Dr. NEWLAND                         ]
Dr. SPADA                           ]
P.A. JENESCKO                       ]
P.A. AJIGIAN                        ]
P.A. BROOKS                         ]
Mr. MENNON, Hosp. Adm.              ]


### Memorandum in Support of a Complaint Pursuant to the Civil Rights Act, 42 U.S.C. §1983

I, the Plaintiff, Carter Fondy, submit this complaint against the following medical staff assistance Warden, **Dr. Newland, Dr. Spada, P.A. Jenescko, P.A. Ajigian, P.A. Brooks, Mr. Mennon, the hospital administrator,** and counsel for the medical center **Counsel Nelson.**

Devens medical staff refuse to provide the medically required treatment and care to plaintiff, **Carter Fondy,** that was necessary, meaning surgery for plaintiff's **"toe"** cause by the disease known as **"charcot-Marie-Tooth disease",** that plaintiff had obtain somewhere in his life.

I also had a situation where I fell from the top bunk, due to the disease. I have stated, the medical staff was very aware of my condition. See **Exhibit , Administrative Remedy Procedures filed 2-11-05.**

The disease is known as **"Charcot-Marie-Tooth disease"**. This disease is a form of progressive neural atrophy of muscles supplied by the peroneal nerves. The disease has hereditary tendencies and is marked by progressive weakness of the distal muscles of the arms and feet. The muscles atrophy, reflexes are lost, foot drop develops, and cutaneous sensations are lost. The disease usually develops in childhood but may occur in adults. It is more common in males. Its cause is unknown.

The Eighth Amendment, which applies to the states through the due process clause of the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishment on those convicted of crimes. **Wilson**, 501 U.S. at 296-97. Punishment incompatible with the evolving standard of decency that mark the progress of a maturing society or involving the unnecessary and wanton infliction of pain are repugnant to the Eight Amendment. See **Hudson v. McMillan**, 503 U.S. 111, 117 L.Ed.2d 156, 112 S.Ct 995 (1992)

The Eighth Amendment claim has both an objective component whether the deprivation is sufficiently serious, and a subjective component, whether the official acted with sufficiently capable state of mind. See **Wilson**, 501 U.S. at 298-99. In cases challenging the conditions of a prisoner's confinement, the subjective

standard is one of deliberate indifference to inmates health.

I have endeavored to provide in excrutiating detail all the pertinent facts and events concerning the denial of medical care to myself which ultimately lead to my being transfered to **Federal Medical Center, Devens, MA** because of my medical history of the "**Charcot-Marie-Tooth disease**".

After being medically required and **necessary surgery for my toe injuries, that the Court alone with the BOP purposely transferred Plaintiff** to the **Federal Medical Center** inorder to receive the community standard of care for a person like myself with a injury, and with my "**chronic disease**", I have as stated.

The staff at the **Federal Medical Center, Devens, MA, "can not"** establish that they were acting within their discretionary authority. As Plaintiff has stated the "**medical staff and Doctors**" named in this complaint deprived **Carter Fondy** of the minimal civilized measure of life's necessities.

Prison officials are obligated under the Eighth Amendment to provide adequate medical care. This principle applies regardless of whether the medical care is provided by government employees or by prevote medical staff under contract with the government.

Plaintiff has showned that deliberate indifference to serious medical need of prisoners was inflicted upon Plaintiff inwhich placed unnecessary and wanton infliction of pain on Plaintiff. Plaintiff has also shown that officials were aware of his serious

medical need, and disregarded a substantial risk of serious harm to the plaintiff's health. From my understanding, a medical need is considered **"serious"**, if it cause pain, discomfort, or threat of good health. Financial constraints may not be used to justify the creation or perpetuation of constitutional violations.

As this court can see from my **Administrative Remedy Procedure** I submitted numerous **sick-call , IRTS**, and the staff I contacted. **Three week** after I submitted my **Informal Resolution** form, I was transfered to **F.C.I. Ashland**, and this is not a medical center. The conduct of the medical staff and official knowledge of a substantial risk to my health can be inferred from the very fact that the risk was obvious.

**It was obvious because of the following facts:**

Looking at the disease Plaintiff has is more common in males, as a **Doctor** or **PA**, it was known to the medical staff that Plaintiff had **"Atrophy"** meaning;

> 'Awasting' decrease in size of an organ or tissue.
> Atrophy may result from death, and resorption of cell,
> diminished cellular prolferation, pressure, ischemia,
> malnutrition, decreased activity, or hormonal changes.

and **"peronial muscular"** concerning the combining form meaning **Fibula,** meaning;

> The outer and smaller bone of the leg, from the ankle
> to the knee, articulating above with the tibia and tolus.
> It is one of the longest and thinnest bones of the body.

-4-

To sum up the problem, is **pain**, is what the Plaintiff was enduring and still enduring.

The elementary principles establish the government medical center obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs. If the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical 'torture' or a lingering death. The evils of most immediate concern to the drafters of the amendment, the denial of medical care resulting in pain and suffering which no one suggests would serve any penalogical purpose.

The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common law view that it is but, just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself.

It can only be concluded that deliberate indifference to serious medical need of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's need or by prison guard in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed.

Plaintiff, Carter Fondy, has adequately stated a claim of "deliberate indifference" to serious medical needs. Plaintiff

contends as stated earlier after several direct requests and after a sick call slip was sent to the infirmary, and a 8½ administrative remedy form was submitted, plaintiff was still denied and then transfered to a non-medical federal facility F.C.I. Ashland, KY, and, can one call this just.

## Conclusion

Can one state that the Federal Medical Center, Devens, MA officials were acting within the scope of the duty? "No" because the medical officials can not establish that they were acting within their discretionary authority.

This case has significance far beyond its' facts, and its' holding on the evidence submitted is undoubted reliable to illustrate clearly and concisely the blatant violations of the Plaintiff's rights. Even putting aside the desirability of leaving the problem of official liability for its' actions, it is quite apparent that there was clearly a violation of Plaintiff's constitutional right. Its' also clear that some form of damages would be the only possible remedy for someone under 1983 action in their individual official liability.

On the other hand, with respect to at least to the most flagrant abuse of official power is increasingly scarce these days. Nonetheless, when we automatically close the courthouse door soley on the basis of what the plaintiff has implicitly expressed concerning the outright denial of his right to be provided with adequate medical care, which was known by the medical center.

This would certainly be wrong and a perfect example of an miscarriage of justice if this honorable court denied this case.

While Plaintiff has exhausted an extraordinary amount of effort to express the defense in the instant case where the most flagrant, and potently unjustified sort of conduct exhibited by Federal Medical Center, Devens, MA, officials contributed to the serious damage to the health and welfare of Plaintiff.

Furthermore, the officials at the medical center failed to respond to my complaint about my serious pain and the pain is still there.

Respectfully Submitted

*Timdy Carter*

Reg. No. 65779-061

F.C.I. Ashland
P.O. Box 6001
Ashland, KY  41105

...............

**Charcot-Marie-Tooth disease** [Charcot; Pierre Marie, Fr. neurologist, 1853–1940; Howard Henry Tooth, Brit. physician, 1856–1925] A form of progressive neural atrophy of muscles supplied by the peroneal nerves. The disease has hereditary tendencies and is marked by progressive weakness of the distal muscles of the arms and feet. The muscles <u>atrophy</u>, reflexes are lost, foot drop develops, and cutaneous sensations are lost. The disease usually develops in childhood but may occur in adults. It is more common in males. Its cause is unknown. SYN: *atrophy, peroneal muscular*.

**Charcot's triad** The combination of nystagmus, intention tremor, and scanning speech. It is frequently associated with multiple sclerosis.

**charge 1.** In electricity, the amount of elec-

RM 117-ECK: 5 15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ~~MICHIGAN~~ MASSACHUSETTS

CERTIFICATE OF INMATE ACCOUNT

Pursuant to 28 U.S.C. §1915(a)(2), effective April 26, 1996, a prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6 month period immediately preceding the filing of the complaint or notice of appeal. This certificate should be obtained from the appropriate official of each prison at which the prisoner is or was confined.

(TO BE COMPLETED BY PRISONER)

NAME _Carter, Fondy_   CASE NO._____ DATE FILED_____

INMATE # _65779-061_ PLACE OF INCARCERATION _F.C.I. Ashland KY_

CERTIFICATE
(TO BE COMPLETED BY THE APPROPRIATE PRISON/JAIL OFFICIAL)

The appropriate official is hereby instructed that he may certify the prisoner's funds by either attaching printout or copies of his account transactions or by filling out this form. Check one:

____ I certify that the attached shows a true record of the above named inmate's account.
OR
____ I certify the inmate named above has the following history of his account at this institution:

| Month | Total Deposits | Avg. Balance |
|---|---|---|
| 1. _____ | $_____ | $_____ |
| 2. _____ | $_____ | $_____ |
| 3. _____ | $_____ | $_____ |
| 4. _____ | $_____ | $_____ |
| 5. _____ | $_____ | $_____ |
| 6. _____ | $_____ | $_____ |

_6-1-05_
DATE

_[signature]_
SIGNATURE OF AUTHORIZED OFFICIAL

# Inmate Inquiry

🖨 PRINT

| | | | |
|---|---|---|---|
| Inmate Reg #: | 65779061 | Current Institution: | Ashland FCI |
| Inmate Name: | CARTER, FONDY | Housing Unit: | C-D |
| Report Date: | 06/01/2005 | Living Quarters: | D05-003L |
| Report Time: | 5:36:12 PM | | |

General Information | Account Balances | Commissary History | Commissary Restrictions | Comments

## General Information

| | |
|---|---|
| Administrative Hold Indicator: | No |
| No Power of Attorney: | No |
| Never Waive NSF Fee: | No |
| Max Allowed Deduction %: | 100 |
| PIN: | 1654 |
| FRP Participation Status: | Completed |
| Arrived From: | ATL |
| Transferred To: | |
| Account Creation Date: | 6/11/2003 |
| Local Account Activation Date: | 5/6/2005 4:43:10 AM |
| Sort Codes: | |
| Last Account Update: | 5/28/2005 2:08:41 AM |
| Account Status: | Active |
| ITS Balance: | $0.15 |

### FRP Plan Information

| FRP Plan Type | Expected Amount | Expected Rate |
|---|---|---|
| | | |

## Account Balances

| | |
|---|---|
| Account Balance: | $0.71 |
| Pre-Release Balance: | $0.00 |
| Debt Encumbrance: | $0.00 |
| SPO Encumbrance: | $0.00 |
| Other Encumbrances: | $0.00 |
| Outstanding Negotiable Instruments: | $0.00 |
| Administrative Hold Balance: | $0.00 |
| Available Balance: | $0.71 |
| National 6 Months Deposits: | $472.48 |
| National 6 Months Withdrawals: | $471.90 |
| National 6 Months Avg Daily Balance: | $44.39 |
| Local Max. Balance - Prev. 30 Days: | $154.21 |
| Average Balance - Prev. 30 Days: | $39.05 |

## Commissary History

### Purchases

    Validation Period Purchases: $0.00
    YTD Purchases: $98.50
    Last Sales Date: 5/11/2005 6:52:06 PM

### SPO Information

    SPO's this Month: 0
    SPO $ this Quarter: $0.00

### Spending Limit Info

    Spending Limit Override: No
    Weekly Revalidation: No
    Spending Limit: $290.00
    Expended Spending Limit: $0.00
    Remaining Spending Limit: $290.00

## Commissary Restrictions

### Spending Limit Restrictions

    Restricted Spending Limit: $0.00
    Restricted Expended Amount: $0.00
    Restricted Remaining Spending Limit: $0.00
    Restriction Start Date: N/A
    Restriction End Date: N/A

### Item Restrictions

| List Name | List Type | Start Date | End Date | Userid | Active |
|---|---|---|---|---|---|

## Comments

    Comments:

NAME: **Carter, Fondy**    REGISTER NUMBER: 65779-061

Federal Medical Center
Devens, MA

## ADMINISTRATIVE REMEDY PROCEDURES FOR INMATES
## INFORMAL RESOLUTION FORM

NOTE TO INMATE: You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9 (BP-229(13)), you must attempt to informally resolve your complaint through your Correctional Counselor. Briefly state one complaint below and list what efforts you have made to resolve your complaint informally, state the names of staff contacted, and the relief that you are requesting.

DATE FORM ISSUED AND INITIALS OF CORRECTIONAL COUNSELOR: JG / 02/11/05

Unit: JB

**INMATE'S COMMENTS:**

1. Complaint: Devens Medical Staff fail to provide the Community Standard of Care medically required & necessary Neuro Surgeon Consultation for the Nerve Damage Injury that I suffer from the Charcot-Marie-Tooth Disease wherein, I have loss of feeling in my lower extremeties. The Neuro Surgeon is qualified to assess the damage & needed corrective surgery to stop the Nerve Damage that has gotten worse since my arrival at FMC Devens in June 2003.

2. Efforts made by you to informally resolve: numerous sick-calls, IRTS

3. Names of staff you contacted: Dr Newland, Dr Spader, PA Brooks, PA Janescko, PA Ajigian, Mr Mennon

4. Relief Requested: Provide the medically required & necessary Neuro Surgeon Examination/Consultation in order to assess my Charcot-Marie-Tooth Disease caused Nerve Damage, that has been aggravated and exacerbated since my arrival to FMC Devens in June 2003. The Neuro Surgeon Examination has been required & needed since June 2003, and should be provided now in accordance with the BOP Community Standard of Care Policy. The Neuro Surgeon's examination is required in order to provide the medically required & necessary corrective surgery.

Date returned to counselor: 2/18/05

NAME: **Carter, Fondy**     REGISTER NUMBER: **65779-061**

Federal Medical Center
Devens, MA

## ADMINISTRATIVE REMEDY PROCEDURES FOR INMATES
## INFORMAL RESOLUTION FORM

NOTE TO INMATE: You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9 (BP-229(13)), you must attempt to informally resolve your complaint through your Correctional Counselor. Briefly state one complaint below and list what efforts you have made to resolve your complaint informally, state the names of staff contacted and the relief that you are requesting.

DATE FORM ISSUED AND INITIALS OF CORRECTIONAL COUNSELOR: **BOG**

Unit: **JD 2-3-N**

INMATE'S COMMENTS:

1. Complaint: **Devens Medical Staff refuse & deprive me, since June 2003, the medically required & necessary Community Standard of Care pain relief medication that is needed for the substantial daily ongoing pain which I suffer from my Charcot-Marie-Tooth Disease. The Charcot-Marie-Tooth Disease affects the bones, joints, nerves & muscle whereby, causing me excruciating pain especially while I am on my feet. The pain is further exacerbated by the Negligence of the Medical Staff who refuse to assign me a top-bunk and force me to climb up & down whereby, aggravating my injuries and causing me to fall on 8/03 & sustain new injuries.**

2. Efforts made by you to informally resolve: **numerous sick-calls, IRTS**

3. Names of staff you contacted: **Dr Newland, Dr Spader, PA Ajigian, PA Brooks, PA Janescko, Mr Mennon**

4. Relief Requested: **Provide the medically required & necessary Community Standard of Care Pain relief medication that is needed for my substantial pain due to the Charcot-Marie-Tooth Disease, along with my Ankle injury of 8/03 that was never corrected.**

Date returned to counselor: **2/18/05**

NAME: __Carter, Fondy__    REGISTER NUMBER: __65779-061__

Federal Medical Center
Devens, MA

ADMINISTRATIVE REMEDY PROCEDURES FOR INMATES
INFORMAL RESOLUTION FORM

NOTE TO INMATE: You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9, (BP-229(13)), you must attempt to informally resolve your complaint through your Correctional Counselor. Briefly state one complaint below and list what efforts you have made to resolve your complaint informally, state the names of staff contacted, and the relief that you are requesting.

DATE FORM ISSUED AND INITIALS OF CORRECTIONAL COUNSELOR: _____
                                                          JB
                                                Unit __2-3-05__

INMATE'S COMMENTS:

1. Complaint: __Devens Medical Staff refuse & deprive me of the medically required and necessary surgery for my ankle injury that was sustained on August 2003, due to the Medical Staff's Negligence in refusing to assign me a top-bunk based on my feet injuries. On August 2003 I fell from my Wrongful & Negligently assigned top-bunk due to my feet injuries wherein, my ankle was, and still is, injured.__

2. Efforts made by you to informally resolve: __numerous sick-calls, IRTS__

3. Names of staff you contacted: __Mr Mennon, Dr Spader, PA Ajigian__

4. Relief Requested: __Provide the medically required & necessary Community Standard of Care Surgery that is needed to correct my ankle injury that was sustained at FMC Devens on August 2003.__

Date returned to counselor: __2/18/05__

NAME: Carter, Fondy            REGISTER NUMBER: 65779-061

Federal Medical Center
Devens, MA

ADMINISTRATIVE REMEDY PROCEDURES FOR INMATES
INFORMAL RESOLUTION FORM

NOTE TO INMATE: You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9 (BP-229(13)), you must attempt to informally resolve your complaint through your Correctional Counselor. Briefly state one complaint below and list what efforts you have made to resolve your complaint informally, state the names of staff contacted, and the relief that you are requesting.

DATE FORM ISSUED AND INITIALS OF CORRECTIONAL COUNSELOR: _DOB_

Unit: 2-B·N·JB

INMATE'S COMMENTS:

1. Complaint: **Devens Medical Staff refuse & deprive me, since June 2003, of the medically required & necessary surgery for my toe injuries, that the Court along with the BOP purposely transferred me to this Federal Medical Center in order to receive the Community Standard of Care toe surgery on my feet.**

2. Efforts made by you to informally resolve: **numerous sick-calls, IRTS**

3. Names of staff you contacted: **Dr Newland, Dr Spader, PA Jenescko, PA Brooks**

4. Relief Requested: **Provide the medically required & necessary toe surgeries, under the BOP Community Standard of Care Policy, that was the reason for my transfer, out of my region, to FMC Devens.**

Date returned to counselor: 2/18/05

BP-S148.055 **INMATE REQUEST TO STAFF CDRFM**
SEP 98
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
| MEDICAL RECORDS | 2/18/05 |
| FROM: | REGISTER NO.: |
| CARTER, FONDY | 65779-061 |
| WORK ASSIGNMENT: | UNIT: |
|  | JB |

SUBJECT: (Briefly state your question or concerned the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to respond to your request.)

REQUEST: Please provide copies of the following Medical Records:

* Neurologist Consult Report (2003)

* <u>Two</u> Orthopedic Consult Reports (2003)

* Accident Report for ankle injury (Aug. 2003)

* Ankle X-Ray Report

(Do not write below this line.)

DISPOSITION:

| Signature Staff Member: | Date: |

Record Copy – File; Copy – Inmate
(This form may be replicated via WP)



This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

BP-S148.055  INMATE REQUEST TO STAFF CDRFM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Mr Mennon (Hosp Adm) | 3/7/05 |
| FROM: | REGISTER NO.: |
| Carter, Fondy | 65779-061 |
| WORK ASSIGNMENT: | UNIT: |
|  | JB |

SUBJECT: (Briefly state your question or concerned the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to respond to your request.)

REQUEST: Please assist me in gaining responses for the FOUR attached BP8½s that were submitted on February 18, 2005.

Thank you.

(Do not write below this line.)

DISPOSITION:

| Signature Staff Member: | Date: |
|---|---|

Record Copy – File; Copy – Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94