UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
FONDY CARTER,                  )
                               )
      Plaintiff,               )
                               )
          v.                   )          Civil Action No.
                               )          05-11335-NMG
DR. NEWLAND, DR. SPADA,        )
P.A. JENESCKO, P.A. AJIGIAN,   )
P.A. BROOKS, AND MR. MENON,    )
                               )
      Defendants.              )
_____)
```

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF THEIR MOTION TO DISMISS**

Defendants, Dr. Newland, Dr. Spada, P.A. Jenescko, P.A. Ajigian, P.A. Brooks, and Mr. Menon ("Defendants"), by and through their Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and file this Memorandum in Support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.  For the reasons set forth below, the undisputed material facts show that Defendants are entitled to judgment in their favor as a matter of law.

I.  <u>Introduction</u>:

   A.  **Plaintiff:**

Plaintiff Fondy Carter ("Carter"), Register Number 65779-061, is a federal inmate who is currently incarcerated at the Federal Correctional Institution in Ashland, Kentucky (FCI Ashland).  He has been at FCI Ashland since May 5, 2005.  <u>See</u>

1

Document 1A, Inmate History, Admission-Release, p. 1, attached to the Declaration of Attorney Advisor Patrick Ward.[1] Prior to being transferred to FCI Ashland, Plaintiff was designated to and incarcerated at the Federal Medical Center in Devens, Massachusetts (FMC Devens), from June 17, 2003, through March 9, 2005. From March 9, 2005, through May 5, 2005, Plaintiff was in holdover status during his institution to institution transfer. See Document 1A.

On Docket Number CR-2-02-41, Carter was sentenced on April 18, 2003, in the United States District Court for the Southern District of Ohio to a forty-six (46) month term of imprisonment with a three (3) year term of supervised release to follow for Distribution of Cocaine, a violation of 21 U.S.C. § 841(a)(1), (b)(1)( c), and Possession With Intent to Distribute More Than 500 Grams of Cocaine, a violation of 21 U.S.C.§ 841(a)(1), (b)(1)(B)(II). See Document 1B, Sentence Monitoring Computation Data; Document 1C, Judgment and Commitment Order. His statutory release date, via Good Conduct Time, is August 13, 2006. Plaintiff has been approved for a Community Corrections Center Placement (CCC) to the Alvis House in Columbus, Ohio for April 17, 2006. In the event that his remaining GCT is removed, his Full Term Expiration Date on this sentence is February 9, 2007. See Document 1B.

**B.   Defendants:**

---

[1] The Ward Declaration is attached as Exhibit 1.

Plaintiff has named the following six (6) Defendants individually[2]: Dr. Newland[3]; Dr. Spada[4]; P.S. Jenescko[5]; P.A. Ajigian[6]; P.A. Brooks[7]; and Mr. Menon[8].

**C.  Complaint:**

On or about June 20, 2005, Plaintiff commenced this action in the United States District Court for the District of Massachusetts.  This complaint is styled as a <u>Bivens</u>[9] action under 28 U.S.C. § 1331.  Plaintiff claims that Defendants have shown deliberate indifference to his medical condition of Charcot-Marie-Tooth Disease, which has resulted in an

---

[2]Although Plaintiff names six staff members at FMC Devens personally, it is unclear if they are named in their individual or official capacities, as nowhere within the complaint does he cite specific actions on the part of any individual Defendant.

[3] Rolando Newland, M.D., former Medical Officer at FMC Devens until November of 2004, when he was promoted to Clinical Director at the Metropolitan Correctional Center in New York, New York.

[4] Ralph Spada, M.D., Medical Officer at FMC Devens.

[5]Thomas Janisko, PA-C, Mid-Level Provider at FMC Devens.

[6]Connie Godjikian, N.P., Mid-Level Provider at FMC Devens.

[7]John Brooks, PA-C, Mid-Level Provider at FMC Devens.

[8]C.D. Menon, Health Services Administrator at FMC Devens.

[9] Plaintiff is a federal inmate alleging constitutional violation against federal defendants.  His claims are therefore brought pursuant to <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which established that the victims of constitutional violations by federal agents have a right to recover damages against that official in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials.

unreasonable and wanton infliction of pain. <u>See</u> Complaint, pp. 1-2. He specifically alleges that medical staff have refused to provide the "medically required treatment and care [...] that was necessary, meaning surgery for plaintiff's 'toe'...". <u>Id.</u> at p.1. He additionally contends that officials "failed to respond to my complaint about my serious pain...". . <u>Id.</u> at p.7. According to Plaintiff, these actions or inactions constituted cruel and unusual punishment in violation of the 8th Amendment. <u>Id.</u> at p.1.

Plaintiff fails to state any specific relief, other than a general statement within the conclusion of the complaint which provides, "some form of damages would be the only possible remedy for someone under 1983..". <u>See</u> Complaint, p.6.

## II.  <u>ARGUMENT</u>:

### A.  **The Complaint Should Be Dismissed For Plaintiff's Failure To Exhaust His Available Administrative Remedies.**

The complaint should be dismissed for Plaintiff's failure to exhaust available administrative remedies. The Bureau of Prisons' computerized data base reveals there is no record that Plaintiff exhausted his administrative remedies as to the issues raised in his complaint. Therefore, Plaintiff is precluded from seeking relief from this Court.

The Prison Litigation Reform Act of 1995, as amended 42 U.S.C. § 1997e(a) (PLRA), requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002); <u>Booth</u>

4

v. Churner, 532 U.S. 731 (2001).   According to the Bureau of
Prisons computerized database, SENTRY, Plaintiff has not filed a
single request for an administrative remedy at any time during
his incarceration.  See Document 1C, Administrative Remedy
Generalized Retrieval.

In Booth, the United States Supreme Court held that under
the PLRA, an inmate seeking only money damages must complete any
prison administrative remedy process capable of addressing the
inmate's complaint and providing some form of relief, even if the
process does not make specific provision for monetary relief.
Booth v. Churner, 532 U.S. at 739.  See Booth v. Churner, 206
F.3d 289 (3d Cir. 2000) (PLRA requires exhaustion); Nyhuis v.
Reno, 204 F.3d 65, 78 (3d Cir. 2000)(PLRA makes exhaustion
mandatory in all cases); Alexander v. Hawk, 159 F.3d 1321(11th
Cir. 1998)(futile and inadequate nature of administrative remedy
did not preclude mandatory exhaustion requirement of the PLRA).

The Bureau of Prisons has a three level administrative
remedy process which is a method by which an inmate may seek
formal review of a complaint related to any aspect of his
confinement -- if less formal procedures have not resolved the
problem.  See 28 C.F.R. § 542, subpart B.  The procedure requires
that an inmate first address his complaint to the Warden.  28
C.F.R. § 542.14.  If dissatisfied with the response from the
Warden, the inmate may appeal his complaint to the Regional
Director.  28 C.F.R. § 542.15.  If dissatisfied with the Regional
Director's response, the inmate may appeal to the Director,

National Inmate Appeals, in the Office of the General Counsel in Washington, D.C.  <u>Id</u>.  An inmate has not exhausted his remedies until he has sought review at all three levels.  28 C.F.R. § 542.15(a).[10]

In <u>Booth v. Churner</u>, 206 F.3d 289, 300 (3rd Cir. 2000) (aff'd in <u>Booth v. Churner</u>, 532 U.S. 731 (2001)), the Third Circuit followed the holding of <u>Nyhuis v. Reno</u>, 204 F.3d 65, 72 (3rd Cir. 2000), that "the PLRA amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory–whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action."  The Prison Litigation Reform Act of 1995 provides that:

> No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

<u>Booth</u>, 206 F.3d at 299.  <u>See also</u> <u>Gibbs v. Bolden</u>, 151 F.Supp.2d 854, 857 (E.D. Michigan 2001) (according to the United States Court of Appeals for the Sixth Circuit, in order to exhaust administrative remedies under the PLRA, a prisoner must file a grievance against the person he ultimately seeks to sue in order to alert prison officials to possible problems with that person).  This legislation was enacted to make the exhaustion provisions mandatory rather than discretionary.  "Exhaustion is now required

---

[10]  There are some complaints that may be filed initially at the Regional or Central Office level.  <u>See</u> 28 C.F.R. § 542.14(d).

6

for all 'action[s] . . . brought with respect to prison
conditions,' whether under §1983 or 'any other Federal law.'"
Porter v. Nussle, 534 U.S. 516, 524 (2002) (citations omitted).
The exhaustion doctrine "enables the agency to develop a factual
record, to apply its expertise to the problem, to exercise its
discretion, and to correct its own mistakes, and is credited with
promoting accuracy, efficiency, agency autonomy, and judicial
economy." Christopher W. v. Portsmouth Sch. Comm., 877 F.2d
1089, 1094 (1st Cir. 1989) (citing McKart v. United States, 395
U.S. 185, 194 (1969)).

Thus, Plaintiff's failure to exhaust his administrative
remedies deprives the court of subject matter jurisdiction over
Plaintiff's claims.  Exhaustion under the PLRA is comparable to a
statute of limitations, that may be subject to certain defenses
such as waiver, estoppel, or equitable tolling.  Casanova v.
Dubois, 304 F.3d 75, 77 (1st Cir. 2002) (citing Wendell v. Asher,
162 F.3d 887, 890 (5th Cir. 1998)).  Perez v. Wisconsin Dep't of
Corr., 182 F.3d 532, 535 (7th Cir. 1999), accord, Medina-Claudio
v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); see also
Kane v. Winn, 319 F.Supp.2d 162, 224 (D. Mass. 2004) (dismissing
plaintiff's claims for which he failed to exhaust administrative
remedies); United States v. Flanagan, 868 F.2d 1544, 1546-47
(11th Cir. 1989) (prisoner's claim that his pre-sentence custody
should have been credited against his sentence was not properly
before the court because prisoner failed to exhaust
administrative remedies available through federal prison system

7

before seeking judicial review).

In the instant case, Plaintiff had available to him the three-step procedure set forth in the BOP's administrative remedy program.  A review of available records indicates that Plaintiff did not exhaust his available administrative remedies with regard to the issues raised in the complaint.  <u>See</u> Document 1C.  In fact, Plaintiff has never filed any administrative remedy requests on this or other issues during his entire period of incarceration.  <u>Id</u>.  The effect of Plaintiff's failure to exhaust his available administrative remedies on the issues raised in this civil action constitutes a procedural defect.  <u>Moscato v. Federal Bureau of Prisons</u>, 98 F.3d 757, 761 (3d Cir. 1996).

Therefore, because Plaintiff seeks to sue these Defendants in their individual capacities, but has failed to exhaust his available administrative remedies under the Bureau of Prisons Administrative Remedy process, this Court lacks subject matter jurisdiction over Plaintiff's Complaint and this claim should be dismissed.

**B.  To The Extent That Defendants Are Named In Their Official Capacities, They Are Entitled To Sovereign Immunity And Therefore Should Be Dismissed As Defendants.**

The nature of this suit is unclear.  In the complaint, Plaintiff has named Defendants Newland, Spada, Janisko, Godjikian, Brooks, and Menon under a theory of "individual official liability."  <u>See</u> Complaint, pp. 1,6.  However, throughout the seven page complaint, there are only general

8

references to "medical staff," "the staff," "the 'medical staff
and Doctors,'" "officials," "the government medical center," and
"conduct exhibited by Federal Medical Center, Devens, MA,
officials."  In fact, it is only in the first paragraph of this
action where Plaintiff even provides the names of the Defendants.
There is no further reference anywhere within the complaint to
any particular action or inaction of any individual Defendant.

A suit against a Bureau of Prisons employee in his or her
official capacity is essentially a suit against the United
States.  It is well settled that the United States and its
agencies are entitled to sovereign immunity from suit, and an
action for damages may not be brought against the United States
unless it waives sovereign immunity.  <u>F.D.I.C. v. Meyer</u>, 114
S.Ct. 996 (1994).  E.g., <u>Pereira v. United States Postal Service</u>,
964 F.2d 873 (9th Cir. 1992); <u>Platsky v. C.I.A.</u>, 953 F.2d 26 (2d
Cir. 1991); <u>Rivera v. United States</u>, 924 F.2d 348 (9th Cir.
1988); <u>McCollum v. Bolger</u>, 794 F.2d 602 (11th Cir. 1986), <u>cert.
denied</u>, 107 S.Ct. 883 (1986).  The United States has not waived
sovereign immunity for <u>Bivens</u> constitutional tort actions.  <u>See
Jaffee v. United States</u>, 592 F.2d 712, 717 (3rd Cir. 1979).
Since a suit against government employees in their official
capacities is to be construed as an action against the United
States, there must be an explicit waiver of immunity in order for
the Plaintiff to proceed.  <u>Swift v. United States Border Patrol</u>,
578 F.Supp. 35, 37 (S.D.Tex.1983), aff'd, 731 F.2d 886 (5th Cir.
1984).

Therefore, because the United States, its agencies, and employees sued in their official capacities have not waived sovereign immunity in Bivens actions, this suit should be dismissed as to any Bureau of Prisons' Defendants named in their official capacities.

**C.    Plaintiff Fails To State A Claim Upon Which Relief May Be Granted.**

In a Bivens action, the complaint must allege specific actions committed by each defendant which violated the plaintiff's constitutional rights in order to state a claim against the defendant. Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987); Hankard v. Town of Avon, 126 F.3d 418, 423 (2d Cir. 1997). Mere recitation of appropriate charging language does not satisfy plaintiffs' pleading requirements. Dewick v. Village of Penn Yan, 972 F.Supp. 166, 169 (W.D.N.Y. 1997). It is well established that complaints relying on civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning. Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987); Mendlow v. Seven Locks Facility, 86 F.Supp.2d 55, 59 (D.Conn. 2000). "[A]llegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987)(citations omitted). See also Wright v. Smith, 21 F.3d 496 (2d Cir. 1994); Ostrer v. Aronwald, 567 F.2d 551 (2d Cir. 1977).

10

This does not necessarily conflict with the Supreme Court's recent ruling in <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002). In that case, the Court held that a complaint that complies with the federal rules of civil procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts. The federal rules require (with irrelevant exceptions) only that the complaint state a claim, not that it plead the facts that if true would establish (subject to any defenses) that the claim was valid. <u>Id</u>.; <u>see also</u> <u>Nance v. Vieregge</u>, 147 F.3d 589, 590-91 (7th Cir. 1998).

In the instant action, the Complaint has failed to allege a single unconstitutional act (or omission) committed by the individually named defendants. In Plaintiff's seven page complaint, he includes many catch phrases relevant to 8th Amendment Bivens suits, but nowhere does he provide any detail as to what any individual defendant did or did not do. Rather, he names the defendants in the first paragraph and then proceeds to complain about the medical staff and their general failure to provide him toes surgery and that they transferred him to a non-medical center facility. This point is even further made by Plaintiff's last sentence in his complaint where it provides, "Furthermore, the officials at the medical center failed to respond to my complaint about my serious pain and the pain is still there." <u>See</u> Complaint, p. 7. This example makes clear that the nature of Plaintiff's suit herein is his frustration over his medical care while at FMC evens, but his complete

11

failure to state the required specific allegations to
substantiate a claim.

As stated above, conclusory allegations without supporting
facts or allegations against each named defendant cannot form a
<u>Bivens</u> claim upon which relief may be granted.  Here, Defendants
contend that Plaintiff failed to plead the minimum required by
Rule 8 of the Federal Rules of Civil Procedure on this <u>Bivens</u>
claim of deliberate indifference.  Plaintiff's complaint does not
allege that Defendants Newland, Spada, Janisko, Godjikian,
Brooks, nor Menon personally engaged in any specific action or
omission in furtherance of a constitutional violation.  He merely
makes the vague allegation that Defendants subjected him to cruel
and unusual punishment and unnecessary pain by not providing him
toe surgery, transferring him to a non-medical center, and for
not addressing his alleged pain issues.  <u>See</u> Complaint, pp. 1-7.
These allegations against Defendants lack specificity and are too
vague and conclusory to establish a <u>Bivens</u> suit.  Because
Plaintiff has failed to establish any claim against these
Defendants with the required specificity, this complaint should
be dismissed.

> **D.   The Defendants Are Entitled To Dismissal On The Basis
>        Of Qualified Immunity Since The Allegations Of The
>        Complaint Do Not Amount To The Violation Of A Clearly
>        Established Constitutional Right.**

All named Defendants are entitled to dismissal from this
<u>Bivens</u> suit on the basis of qualified immunity.  When qualified
immunity is raised by a defendant, the plaintiff cannot maintain

a <u>Bivens</u> action against the defendant unless and until the plaintiff shows the defendant violated a clearly established constitutional right. <u>Siegart v. Gilly</u>, 500 U.S. 226, 232-233 (1991); <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982); <u>Saucier v. Katz</u>, 533 U.S. 194, 200 (2001). In order to survive a motion to dismiss in which qualified immunity has been asserted, more than a conclusory statement of the constitutional right allegedly violated must be pleaded. The complaint must allege specific actions committed by each defendant which violated his constitutional rights in order to establish a claim against the defendant. <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 666, (3d Cir. 1988), <u>cert</u>. <u>denied</u>, 489 U.S. 1065 (1989). A federal government employee is generally entitled to qualified good faith immunity and is shielded from liability from suit for personal damages if his or her conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). <u>See</u> <u>Siegart v. Gilley</u>, 500 U.S. 226 (1991); <u>Anderson v. Creighton</u>, 483 U.S. 635 (1987); <u>Mitchell v. Forsyth</u>, 472 U.S. 511 (1985); <u>Davis v. Scherer</u>, 468 U.S. 183, 197 (1984). In <u>Anderson v. Creighton</u>, 483 U.S. 635 (1987), the court elaborated that qualified immunity is available to an officer if he acts upon facts or information that would lead a reasonable officer to conclude that his actions were proper and within the parameters and clearly-defined law. The qualified immunity defense in this context in "an immunity from suit rather than a

13

mere defense from liability." Mitchell v. Forsyth, 472 U.S. at
526.  In recognition of this, the Supreme Court has repeatedly
stressed the desirability to resolve the qualified immunity
issues at the earliest stage of litigation.  Hunter v. Bryant,
502 U.S. 224, 227 (1991); Anderson v. Creighton, supra; Mitchell
v. Forsyth, supra.  Qualified immunity must be asserted as an
affirmative defense by the defendant officials at the earliest
possible time.  Gomez v. Toledo, 446 U.S. 635 (1980).

     Once the individual defendants raise qualified immunity,
courts must resolve two issues:  1) whether a constitutional
right would have been violated on the facts alleged; and assuming
the violation is established (from the pleadings), 2) whether the
right alleged to have been violated  was clearly established.
Saucier v. Katz, 533 U.S. 194 (2001).

     In Saucier, supra, the Supreme Court held that in a suit
against an officer for an alleged violation of a constitutional
right, the requisites of a qualified immunity defense must be
considered in proper sequence.  Where the defendant seeks
qualified immunity, a ruling on that issue should be made early
in the proceedings so that the costs and expenses of trial are
avoided where the defense is dispositive.  Saucier v. Katz, 533
U.S. at 200.

     The specific qualified immunity inquiry is twofold:  First,
taken in the light most favorable to the party asserting the
injury, do the facts alleged show the officer's conduct violated
a constitutional right?  If no constitutional right would have

14

been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next sequential step is to ask whether the right was clearly established. Saucier, 533 U.S. at 200.

The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Saucier v. Katz, 533 U.S. at 202. See Wilson v. Layne, 526 U.S. 603, 615 (1999).

An analysis of Plaintiff's claims against each of the individual Defendants reveals that Plaintiff failed to state a constitutional violation against any of the Defendants -- because the facts as alleged do not show Defendants' conduct violated a constitutional right. The complaint does not articulate what specific actions each named Defendant took, nor does it adequately allege a violation of his constitutional rights.

Even assuming arguendo, the complaint could be interpreted to sufficiently state each named Defendant committed unconstitutional acts, Plaintiff has failed to articulate how these constitutional rights were clearly established. Anderson v. Creighton, 483 U.S. 635, 640 (1987). Under the standard in Harlow and Anderson, even if Plaintiff's constitutional rights were violated, defendants are still entitled to qualified immunity if a reasonable person in their position would have

15

failed to appreciate that his or her conduct would violate those
rights.  Its purpose is two-fold in that it is intended to
protect government officials from adverse judgments, and also
from the rigors and expense of protracted litigation.  <u>Mitchell
v. Forsyth</u>, 472 U.S. 511 (1985).  Once the Defendants raise the
defense of qualified immunity, the Plaintiff must prove that the
Defendants violated a clearly established constitutional right.
<u>Seigert v. Gilley</u>, 500 U.S. 226, 232 (1991).

In the instant action, there is nothing which indicates that
Defendants Newland, Spada, Janisko, Godjikian, Brooks, or Menon
acted outside the scope of their employment or that they violated
any clearly established right of the Plaintiff.  Plaintiff's
disagreement with medical judgment not to pursue surgery or to
transfer him back to a non-medical facility does not amount to a
violation of a clearly established constitutional right.  The
Defendants acted only in their official capacities and performed
their duties professionally, impartially, and within the
Constitution and clearly established laws of the United States.
Accordingly, even under the vague and insufficiently alleged
facts in the Complaint, because Defendants acted in the belief
that their conduct was lawful, each of the named Defendants is
entitled to qualified immunity and should be dismissed from this
lawsuit.

**E.    Defendant Janisko Is Entitled to Absolute Immunity Due
To Status As Public Health Service Employee.**

Defendant Janisko should be dismissed as a Defendant because

16

he has absolute immunity from suit because he is a Public Health Service (PHS) employee.  <u>See</u> Exhibit 2, at ¶ 2.

PHS employees enjoy absolute immunity from certain medical misconduct claims if their alleged improper behavior occurred within the scope of their offices and during the course of their performance of medical or related functions.  <u>Brown v. McElroy</u>, 160 F.Supp.2d 699, 703 (S.D.N.Y. 2001).  <u>See also</u> <u>Cuoco v. Morigitsu</u>, 22 F.3d 99, 107 (2d Cir. 2000); <u>Teresa T. v. Ragaglia</u>, 154 F.Supp.2d 290 (D.Conn. 2001); <u>Navarette v. Vanyur</u>, 110 F.Supp.2d 605 (N.D.Ohio 2000); <u>Lewis v. Sauvey</u>, 708 F.Supp. 167, 169 (E.D.Mich. 1989).

42 U.S.C. § 233(a) of the Public Health Service Act makes the FTCA the exclusive remedy for specified actions against PHS members. <u>Id</u>.  Accordingly, the United States must be substituted as the defendant in the PHS staff member's place.  <u>Teresa T.</u>, 154 F.Supp. at 300.  The Federal Tort Claims Act, 28 U.S.C. § 2675(a) provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing ...." "[B]ecause the FTCA constitutes a waiver of sovereign immunity, the procedures set forth in §2675 must be adhered to strictly." <u>Keene Corp. v. United States</u>, 700 F.2d 836, 841 (2d Cir. 1983).  "Thus failure to file claims for tort damages with the appropriate agency precludes this court from exercising jurisdiction over those

claims." <u>Setlech v. United States</u>, 816 F.Supp. 161, 165 (E.D.N.Y. 1993).

As a Physicians Assistant, Defendant Janisko is entitled to absolute immunity because of his status as a PHS employee and the complaint should be dismissed as to him and any actions allegedly attributed to him.

**III. <u>Conclusion</u>:**

WHEREFORE, for the foregoing reasons, the defendant United States respectfully requests this Court to dismiss the Complaint against it pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for lack of subject matter jurisdiction.

Respectfully submitted,

UNITED STATES OF AMERICA,

MICHAEL J. SULLIVAN,
UNITED STATES ATTORNEY

By:  /s/ Rayford A. Farquhar
     Rayford A. Farquhar
     Assistant U.S. Attorney
     1 Courthouse Way, Ste. 9200
     Boston, MA 02210
     617-748-3100

<u>**CERTIFICATE OF SERVICE**</u>

Suffolk, ss.                    Boston, Massachusetts
                                January 25, 2006
     I hereby certify that a true copy of the above document was served by First Class Mail upon the Pro Se plaintiff, Fondy Carter, FCI Ashland, P.O. Box 6001, Ashland, KY 41105.

                                /s/ Rayford A. Farquhar
                                Rayford A. Farquhar
                                Assistant U.S. Attorney

18

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

FONDY CARTER,
        Plaintiff,

    v.

NEWLAND, ET AL.,
        Defendants.

:
:
:
:
:
:
:
:
:

Civil Action No. 05-CV-11335 (NMG)

## DECLARATION OF PATRICK WARD

I, Patrick Ward, hereby declare and state as follows:

1.    I am employed by the United States Department of Justice, Federal Bureau of Prisons, at the Federal Medical Center in Devens, Massachusetts (FMC Devens), as an Attorney Advisor. The legal office, from which I am located, is the Consolidated Legal Center - Devens. I have been employed at this position since approximately March 24, 2002.

2.    As an Attorney Advisor, I have access to numerous records regarding federal prisoners maintained in the ordinary course of business at FMC Devens. This includes, but is not limited to, documentary records, Judgment and Commitment files, and computerized records maintained on the Bureau of Prisons computerized data base, SENTRY.

3.    I have access to the various databases and files concerning administrative remedy claims filed pursuant to the Administrative Remedy Program, which are maintained by the Bureau of Prisons in the ordinary course of business. In particular, I have access to SENTRY, which maintains a record of all of the administrative remedies filed by an inmate, the dates thereof, and the dispositions. These records reflect every administrative remedy claim filed by an inmate in the Bureau of Prisons, while housed in any federal institution of the Bureau of Prisons.

4.    The Bureau of Prisons has established an administrative remedy procedure whereby inmates can seek formal review of any complaint regarding any aspect of their imprisonment. Plaintiff had available to him the four step procedures set forth in the BOP's Administrative Remedy Program. See 28 C.F.R. § 542. The BOP regulations provide "a process through which inmates may seek formal review of an issue which relates to any aspect of their confinement... if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. In accordance with the BOP's Administrative Remedy Program, an inmate shall first attempt informal resolution of his complaint by presenting the issue informally to staff, and staff must attempt to resolve the issue. See 28 C.F.R. § 54213(a). If the complaint cannot be resolved informally, the inmate may submit a

formal written Administrative Remedy Request to the Warden, on a designated form, within twenty days of the event that triggered the inmate's complaint. 28 C.F.R. § 542.14(a). If the inmate's formal request is denied, the inmate may submit an appeal to the appropriate Regional Director of the BOP, within twenty calendar days of the date of the Warden signed the response. 28 C.F.R. § 542.15(a). A negative decision from the Regional Director may in turn be appealed to the General Counsel's office (in the Central Office) within thirty calendar days of the date the Regional Director signed the response. Id. No administrative remedy appeal is considered to have been fully exhausted until considered by the Bureau of Prisons' Central Office. 28 C.F.R. §§ 542.14-542.15. This Program is available to inmates confined at FMC Devens and would include any issues surrounding health care complaints.

5.    On December 13, 2005, I ran a Sentry search to determine if inmate Fondy Carter, Reg. No. 65779-061, had filed any Administrative Remedies. Review of his Administrative Remedy Record revealed that he has not utilized the administrative remedy process for any issue over the course of his incarceration with the BOP, as he has not filed a single remedy submission. He has therefore failed to exhaust his administrative remedies on the issue before this Court. A true and accurate copy of the Administrative Remedy Generalized Retrieval screen for Plaintiff Fondy Carter is attached as **Document 1D.**

6.    Attached hereto please find true and accurate copies of the following documents:

   A.    Inmate History, Admission-Release;
   B.    Sentence Monitoring Computation Data;
   C.    Judgment and Commitment Order;
   D.    Administrative Remedy Generalized Retrieval.


I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 16th day of December, 2005.

Patrick Ward
Attorney Advisor
Consolidated Legal Center - Devens

EXHIBIT A

Case 1:05-cv-11335-NMG    Document 13-2    Filed 01/25/2006    Page 5 of 23

```
REG NO..: 65779-061 NAME....: CARTER, FONDY
CATEGORY: ARS        FUNCTION: DIS        FORMAT:

FCL    ASSIGNMENT   DESCRIPTION                START DATE/TIME STOP  DATE/TIME
ASH    A-DES        DESIGNATED, AT ASSIGNED FACIL  05-05-2005 1612 CURRENT
B02    RELEASE      RELEASED FROM IN-TRANSIT FACL  05-05-2005 1612 05-05-2005 1612
B02    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 05-05-2005 0616 05-05-2005 1612
ATL    HLD REMOVE   HOLDOVER REMOVED               05-05-2005 0616 05-05-2005 0616
ATL    A-BOP HLD    HOLDOVER FOR INST TO INST TRF  04-25-2005 1401 05-05-2005 0616
A01    RELEASE      RELEASED FROM IN-TRANSIT FACL  04-25-2005 1401 04-25-2005 1401
A01    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 04-25-2005 0915 04-25-2005 1401
OKL    HLD REMOVE   HOLDOVER REMOVED               04-25-2005 0815 04-25-2005 0815
OKL    A-BOP HLD    HOLDOVER FOR INST TO INST TRF  03-09-2005 1830 04-25-2005 0815
A01    RELEASE      RELEASED FROM IN-TRANSIT FACL  03-09-2005 1930 03-09-2005 1930
A01    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 03-09-2005 0950 03-09-2005 1930
DEV    TRANSFER     TRANSFER                       03-09-2005 0950 03-09-2005 0950
DEV    A-DES        DESIGNATED, AT ASSIGNED FACIL  06-09-2004 1014 03-09-2005 0950
DEV    LOCAL HOSP   ESC TRIP TO LOCAL HOSP W/RETN  06-09-2004 0803 06-09-2004 1014


G0002        MORE PAGES TO FOLLOW . . .
```

Case 1:05-cv-11335-NMG   Document 13-2   Filed 01/25/2006   Page 6 of 23

REG NO..: 65779-061 NAME....: CARTER, FONDY
CATEGORY: ARS        FUNCTION: DIS        FORMAT:

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|-----|------------|-------------|-----------------|----------------|
| DEV | A-DES | DESIGNATED, AT ASSIGNED FACIL | 05-04-2004 1100 | 06-09-2004 0803 |
| DEV | LOCAL HOSP | ESC TRIP TO LOCAL HOSP W/RETN | 05-04-2004 0801 | 05-04-2004 1100 |
| DEV | A-DES | DESIGNATED, AT ASSIGNED FACIL | 06-17-2003 1547 | 05-04-2004 0801 |
| 6-K | RELEASE | RELEASED FROM IN-TRANSIT FACL | 06-17-2003 1547 | 06-17-2003 1547 |
| 6-K | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 06-17-2003 0900 | 06-17-2003 1547 |
| OKL | HLD REMOVE | HOLDOVER REMOVED | 06-17-2003 0800 | 06-17-2003 0800 |
| OKL | A-HLD | HOLDOVER, TEMPORARILY HOUSED | 06-11-2003 1635 | 06-17-2003 0800 |
| A02 | RELEASE | RELEASED FROM IN-TRANSIT FACL | 06-11-2003 1735 | 06-11-2003 1735 |
| A02 | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 06-11-2003 1120 | 06-11-2003 1735 |
| MIL | HLD REMOVE | HOLDOVER REMOVED | 06-11-2003 1120 | 06-11-2003 1120 |
| MIL | A-HLD | HOLDOVER, TEMPORARILY HOUSED | 06-11-2003 1120 | 06-11-2003 1120 |
| P03 | RELEASE 05 | RELEASED FROM IN-TRANSIT, MAY | 05-29-2003 1000 | 05-29-2003 1000 |
| P03 | A-ADMIT 03 | ADMITTED TO IN-TRANSIT, MAR | 03-26-2003 0530 | 05-29-2003 1000 |
| O-U | RELEASE | RELEASED FROM IN-TRANSIT FACL | 03-26-2003 0530 | 03-26-2003 0530 |

G0002        MORE PAGES TO FOLLOW . . .

Case 1:05-cv-11335-NMG   Document 13-2   Filed 01/25/2006   Page 7 of 23

REG NO..: 65779-061 NAME....: CARTER, FONDY
CATEGORY: ARS        FUNCTION: DIS        FORMAT:

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|---|---|---|---|---|
| O-U | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 11-26-2002 1430 | 03-26-2003 0530 |
| CCN | ADMIN REL | ADMINISTRATIVE RELEASE | 11-26-2002 1430 | 11-26-2002 1430 |
| CCN | A-ADMIN | ADMINISTRATIVE ADMISSION | 11-26-2002 1423 | 11-26-2002 1430 |

G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

EXHIBIT B

```
   DEVEN  540*23 *           SENTENCE MONITORING        *     12-13-2005
PAGE 001        *            COMPUTATION DATA           *     07:35:33
                              AS OF 12-13-2005

REGNO..: 65779-061 NAME: CARTER, FONDY


FBI NO.............: 227520WB5         DATE OF BIRTH: 04-21-1969
ARS1..............: ASH/A-DES
UNIT..............: C/D                QUARTERS.....: D05-005L
DETAINERS........: NO                  NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 04-14-2006

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  08-13-2006 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: OHIO, SOUTHERN DISTRICT
DOCKET NUMBER...................: CR-2-02-41
JUDGE..........................: MARBLEY
DATE SENTENCED/PROBATION IMPOSED: 04-18-2003
DATE COMMITTED.................: 06-17-2003
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO

                FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $200.00         $00.00        $00.00       $00.00

RESTITUTION...:  PROPERTY: NO  SERVICES: NO      AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....: 381
OFF/CHG: T21:841(A)(1)&841(B)(1)(C)-DIST OF COCAINE T21:841(A)(1)&841
         (B)(1)(B)(II) PWID MORE THAN 500 GRMS OF COCAINE

 SENTENCE PROCEDURE............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   46 MONTHS
 TERM OF SUPERVISION...........:    3 YEARS
 DATE OF OFFENSE................: 12-31-2000




G0002       MORE PAGES TO FOLLOW . . . .
```

```
DEVEN   540*23 *          SENTENCE MONITORING          *     12-13-2005
PAGE 002 OF 002 *         COMPUTATION DATA             *     07:35:33
                          AS OF 12-13-2005
```

REGNO..: 65779-061 NAME: CARTER, FONDY

------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 05-09-2005 AT ASH AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 04-18-2003
TOTAL TERM IN EFFECT............:    46 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     3 YEARS     10 MONTHS
EARLIEST DATE OF OFFENSE........: 12-31-2000

JAIL CREDIT.....................:   FROM DATE       THRU DATE
                                    03-26-2002      03-28-2002
                                    04-07-2003      04-17-2003

INOPERATIVE TIME.........: REASON   FROM DATE       THRU DATE
                           OTHER    05-15-2003      05-20-2003

TOTAL PRIOR CREDIT TIME.........: 14
TOTAL INOPERATIVE TIME..........: 6
TOTAL GCT EARNED AND PROJECTED..: 180
TOTAL GCT EARNED................: 108
STATUTORY RELEASE DATE PROJECTED: 08-13-2006
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 02-09-2007


PROJECTED SATISFACTION DATE.....: 08-13-2006
PROJECTED SATISFACTION METHOD...: GCT REL
```

REMARKS........: I/M RELEASED FOR 6 DAYS PER COURT ORDER FROM JUDGE MARBLEY
                 FROM 05-15-2003 THROUGH 05-20-2003--PLACED INTO INOP TIME
                 FOR THIS PERIOD

S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

EXHIBIT C

AO 245 B(3/95) Sheet 1 - Judgment in a Criminal Case

FILED
KENNETH J. MURPHY
CLERK

# UNITED STATES DISTRICT COURT

### Southern District of Ohio

2003 MAY -5 P 2: 53

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**UNITED STATES OF AMERICA**

### JUDGMENT IN A CRIMINAL CASE

V.

(For Offenses Committed On or After November 1, 1987)

**Fondy Carter**
1260 Dietz Lane
Zanesville, Ohio 43701
DOB: 4/21/69
SS#:  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
USM#:65779-061

Case Number CR-2-02-41

Christopher Cooper
Defendant's Attorney

**THE DEFENDANT**:

___X___   pleaded guilty to count one (1) and two (2) of the Superseding Information.

_____   pleaded nolo contendere to counts _____ of the Information.

_____   was found guilty on counts _____ of the Information after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 21 U.S.C.§841(a)(1) and 841 (b)(1)(C) | Distribution of Cocaine | 3/8/02 | One |
| 21 U.S.C.§§841(a)(1) and 841(b)(1)(B)(ii) | Possession with intent to distribute more that 500 grams of cocaine | 1999 & 2000 | Two |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_____   The defendant has been found not guilty on counts _____ of the Indictment, and is discharged as to such counts.

_____   Count _____ of the Information are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

April 18, 2003
Date of Imposition of Sentence

Signature of Judicial Officer

Algenon L. Marbley
United States Magistrate Judge

May 2, 2003
Date

CERTIFY THAT THIS IS A
AND CORRECT COPY OF THE
AL FILED IN MY OFFICE
5/5/03
KENNETH J. MURPHY, CLERK
B. ____
Deputy Clerk
DATE: 5/5/03

AO 245 B(3/95) Sheet 2 – Imprisonment

Defendant: Fondy Carter                                            Judgment --Page 2 of 6
Case Number:  CR-2-02-41

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of FORTY-SIX (46)  MONTHS on counts one (1) and two (2) to run concurrently with each other.

_x_  The Court makes the recommendations to the Bureau of Prisons that the defendant be placed in a BOP with a medical facility due to the defendant's illness.  Further, the defendant shall participate in a drug rehabilitation program including, but not limited to the 500 hour residential drug treatment program.

___  The defendant is remanded to the custody of the United States Marshal.
_x_  The defendant shall surrender to the United States Marshal for this district,
        ___  at ___ .m. on ____ .
        _x_  as notified by the Marshal.

___  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons
        ___  before 2 p.m. on ____ .
        ___  as notified by the United States Marshal.
        ___  as notified by the Probation or Pretrial Service Office.

I took custody of the within named at _FCJ_
on _5/29/03_ and delivered same to
_FDC MILAN_ at _MILAN, MI_
(for further removal/the designation institution.)
_JAMES WAHLRAB_  E/OH By _[signature]_

**RETURN**

U.S. Marshal    District    Deputy

I have executed this Judgment as follows:

_____

_____

Defendant delivered on _____ to _____
at _____ with a certified copy of this Judgment.

R. Allen Smith
United States Marshal

I took custody of the within named at _____
on _____ and delivered same to    By _____
_____ at _____              Deputy U.S. Marshal
(for further removal/the designation institution.)
_____ E/OH By _____
U.S. Marshal    District    Deputy

AO 245 B(3/95) Sheet 3 - Supervised Release

Defendant: Fondy Carter
Case Number: CR-2-02-41

Judgment --Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS** on counts one (1) and two (2) to run concurrently with each other. As a special condition of supervised release the defendant shall participate in a program of testing and treatment for alcohol and controlled substance abuse until such time he is release from said program by the U. S. Probation Office.

The defendant shall report to the probation office in the district into which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within fifteen (15) days of release from imprisonment and at least two (2) periodic drug tests thereafter, as directed by the probation officer.

— The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

_x_ The defendant shall not possess a firearm as defined in 18 U.S.C. §921.

If this judgment imposes a fine or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record of personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(395) Sheet 4 - Probation

Defendant: *                          Judgment --Page * of *
Case Number:  CR-2-9*

# PROBATION

The defendant is hereby placed on probation for a term of *.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

     The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within fifteen (15) days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

    *  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

*  The defendant shall not possess a firearm as defined in 18 U.S.C. §921.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245EC(3/95) Sheet 5, Part A – Criminal Monetary Penalties

Defendant: Fondy Carter                                          Judgment --Page 4 of 6
Case Number: CR-2-02-41

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| One   | $100.00   |      |             |
| Two   | $100.00   |      |             |

___ If applicable, restitution amount ordered pursuant to plea agreement.............................$_____

| Totals: | $200.00 | $-0- | $-0- |
|---------|---------|------|------|

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $_____
The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

___ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

    ___ The interest requirement is waived.

    ___ The interest requirement is modified as follows:

## RESTITUTION

___ The determination of restitution is deferred in cases brought under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____*. An Amended Judgment in a Criminal Case will be entered after such determination.

___ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|---------------------|-------------------------------|------------------------------------------|
| Totals        | $                   | $                             |                                          |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245B(3/95) Sheet 5, Part B - Criminal Monetary Penalties —

Defendant: Fondy Carter
Case Number: CR-2-02-41

Judgment —Page 5 of 6

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   _x_   in full immediately; or

B   __   $ ____   immediately, balance due (in accordance with C, D, or E); or

C   __   not later than _____; or

D   _x_   Through participation in the Bureau of Prisons' Inmate Financial Responsibility Program. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E   __   in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ years to commence _____ days after the date of this judgment.

Special instruction regarding the payment of criminal monetary penalties:

__   The defendant shall pay the cost of prosecution.

__   The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court, Office of the Clerk, 85 Marconi Boulevard, Room 260, Columbus Ohio 43215 except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Bureau of Prisons Program Statement 1351.05, Release of Information (September 19, 2002), the portion of the Judgment and Commitment Order containing the Statement of Reasons will not be included in the copy of the Government's Response that is forwarded to the Petitioner. Petitioner may access this document by submitting a request to a member of his Unit Team at the institution where he is incarcerated.

EXHIBIT D

Case 1:05-cv-11335-NMG    Document 13-2    Filed 01/25/2006    Page 20 of 23

```
        FUNCTION: LST SCOPE: REG    EQ 65779-061      OUTPUT FORMAT: FULL ____
-------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____ THRU _____ DT STS: FROM _____ THRU _____
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS: ____ ____ ____ ____ ____ ____ ____ ____ ____ ____
SUBJECTS: ____ ____ ____ ____ ____ ____
EXTENDED: _ REMEDY LEVEL: _ _       RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ ____      ____        ____        ____        ____
TRACK:  DEPT: ____      ____        ____        ____        ____
      PERSON: ____      ____        ____        ____        ____
        TYPE: ____      ____        ____        ____        ____
EVNT FACL: EQ ____      ____        ____        ____        ____
RCV FACL.: EQ ____      ____        ____        ____        ____
RCV UN/LC: EQ ____      ____        ____        ____        ____
RCV QTR..: EQ ____      ____        ____        ____        ____
ORIG FACL: EQ ____      ____        ____        ____        ____
ORG UN/LC: EQ ____      ____        ____        ____        ____
ORIG QTR.: EQ ____      ____        ____        ____        ____


G5152        NO REMEDY DATA EXISTS FOR THIS INMATE
```

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

FONDY CARTER,
        Plaintiff,

      v.

NEWLAND, ET AL.,
        Defendants.

:         Civil Action No. 05-CV-11335 (NMG)

## DECLARATION OF THOMAS JANISKO

I, Thomas Janisko, hereby declare and state as follows:

1.     I am assigned as a Mid-Level Practitioner in the Federal Bureau of Prisons at the Federal Medical Center (FMC) Devens, Massachusetts, and have held this position since November 2003.

2.     I am an employee of the Commissioned Corps of United States Public Health Service.  I have been assigned as a Physician Assistant Officer in the Federal Bureau of Prisons since November 17, 2003.  See attached Commission Order.

3.     On or about October 18, 2005, I received a copy of a summons and a copy of the complaint in this civil action.

Pursuant to the provisions of 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed this _20th_ day of December, 2005.

Thomas Janisko, PA-C
LT, USPHS
Mid-Level Provider
FMC Devens, Massachusetts

DEPARTMENT OF HEALTH AND HUMAN SERVICES
PUBLIC HEALTH SERVICE
5600 FISHERS LANE, ROCKVILLE, MD., 20857

PERSONNEL ORDER NUMBER 3303.004                                10-30-03
APPOINTMENT AND CALL TO ACTIVE DUTY          EFF: 11-17-03    NOA: 1012

JANISKO, THOMAS J.                     PHS#: 69300
FEDERAL MED CNTR (DEVENS)/HSD          SSAN: 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
PO BOX 880                             DOB:  12-22-76
AYER          MA 01432                 SEX:  M

PERM GRADE: O-1  JR.ASSISTANT  HEALTH SERVICES OFFICER
TEMP GRADE: O-2 (LT JG) ASSISTANT HEALTH SERVICES OFFICER
CATEGORY: HEALTH SERVICES OFFICER       CORPS: RESERVE ACTIVE

APPT DATE: 11-17-03        CALL TO ACTIVE DUTY: 11-17-03
HOME OF RECORD: FREEDOM       NH
ON CAD DATE WILL PROCEED FROM: AYER        MA 01432
REPORT TO NEW DUTY STATION NOT LATER THAN 0900 HOURS ON 11-17-03
NEW ORGANIZATION:
OFFICE OF OPERATIONS & MANAGEMENT, DETAILED TO BPMP. PRISON HLTH SVCS,
PRISON HLTH SVCS REGION 1, FEDERAL MEDICAL CENTER (DEVENS), AYER, MA
   ADMINISTRATIVE CODE: RC36A105
STATION: FEDERAL MED CNTR (DEVENS)/HSD
         PO BOX 880, AYER, MA 01432
GEOGRAPHIC CODE: 250060017
BDN: 11CC103   TITLE: PHYSICIAN ASSISTANT (BASIC)
TED: 07-01-97  BPED: 11-17-03
RED: 11-17-03  DIEMS: 11-17-03
YEARS OF SERVICE FOR PAY: UNDER 2  YEARS
ENROLLED IN CHAPTER 30, NEW G.I. BILL, INCURRING 2 YEAR OBLIGATION

CAN(PAY): 4E860563       ACCT PT(PAY): 30       D/A#: 92583

PERMANENT CHANGE OF STATION
SERVING OBLIGATED SELECTIVE SERVICE ACTIVE DUTY
ALL RESERVE CORPS OFFICERS ARE IN PROBATIONARY STATUS FOR THREE YEARS
FOLLOWING EACH CALL TO DUTY (CCPM 23.7, INST.1).

DETAILED UNDER PROVISIONS OF SEC. 214(A) OF THE PHS ACT.
FOR MEDICAL CARE ACCESS PLEASE CALL (800) 368-2777

OFFICIAL                                  BY DIRECTION OF THE SURGEON GENERAL

ACTING DIRECTOR
   DIVISION OF COMMISSIONED PERSONNEL