United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| FONDY CARTER, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. |
|     v. | ) | 05-11335-NMG |
| | ) | |
| DR. ROLANDO NEWLAND et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Fondy Carter ("Carter") brings an action against various medical personnel at the Federal Medical Center in Devens, Massachusetts ("FMC Devens") pursuant to <u>Bivens</u> v. <u>Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. Defendants now move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

**I.    Background**

Carter is a federal inmate who is currently incarcerated at the Federal Correctional Institution in Ashland, Kentucky ("FCI Ashland"). He has been at FCI Ashland since May 5, 2005. Prior to being transferred to FCI Ashland, Carter was designated to,

-1-

and incarcerated at, FMC Devens from June 17, 2003, through March 9, 2005. From March 9, 2005, through May 5, 2005, Carter was in holdover status during his institution-to-institution transfer.

On or about June 20, 2005, Carter commenced the instant action in this Court. He claims that defendants, Dr. Rolando Newland ("Newland"), Dr. Ralph Spada ("Spada"), Thomas Janisko ("Janisko"), Connie Godjikian ("Godjikian"), John Brooks ("Brooks") and C.D. Menon ("Menon") (collectively "the defendants"), have shown deliberate indifference to his medical condition of Charcot-Marie-Tooth Disease which has resulted in an unreasonable and wanton infliction of pain. Specifically, he alleges that medical staff have refused to provide the "medically required treatment and care ... that was necessary, meaning surgery for plaintiff's 'toe'...." He also contends that officials "failed to respond to [his] complaint about [his] serious pain...." Carter claims that those acts or omissions constituted cruel and unusual punishment in violation of the Eighth Amendment.

On January 25, 2006, the defendants moved to dismiss Carter's complaint. Defendants' motion is premised on five separate grounds: 1) this Court lacks subject matter jurisdiction over the action because Carter failed to exhaust his available administrative remedies before filing suit, 2) to the extent that the defendants are named in their official capacities, they are

entitled to sovereign immunity and should be dismissed as defendants, 3) Carter's complaint fails to state a claim upon which relief may be granted, 4) defendants are entitled to dismissal on the basis of qualified immunity and 5) defendant Janisko is entitled to absolute immunity due to his status as a Public Health Service employee.  Carter opposes defendants' motion.  Having considered the memoranda in support of and opposition to the pending motion, the Court resolves it as follows.

**II.  Discussion**

    **A.  Exhaustion of Administrative Remedies and Subject Matter Jurisdiction**

Of the five issues raised by the defendants in their motion to dismiss, the most serious is their claim that this Court lacks subject matter jurisdiction over plaintiff's lawsuit because Carter failed to exhaust his available administrative remedies prior to filing suit.  Defendants argue that the Bureau of Prisons' computerized database reveals that there is no record that Carter exhausted his administrative remedies as to the issues raised in his complaint and, therefore, he is precluded from seeking relief from this Court.

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended 42 U.S.C. § 1997e, requires a prisoner to exhaust "such administrative remedies as are available" before suing over

prison conditions under § 1983.  See Porter v. Nussle, 534 U.S. 516, 524 (2002).  The Supreme Court has held that even where, as here, an inmate seeks only money damages, he must nevertheless complete any prison administrative remedy process capable of addressing his complaint and providing some form of relief even if the process does not make specific provision for monetary relief.  See Booth v. Churner, 532 U.S. 731, 739-41 (2001).

The Bureau of Prisons ("BOP") has a three-level administrative remedy process.  That process is a method by which an inmate may seek formal review of a complaint related to any aspect of his confinement if less formal procedures have not resolved the problem.  28 C.F.R. § 542.13.  That process requires that the inmate first address his complaint to the Warden.  28 C.F.R. § 542.14.  If dissatisfied with the response, the inmate may appeal his complaint to the Regional Director.  28 C.F.R. § 542.15.  If the inmate is dissatisfied with that response, he may appeal to the National Inmate Appeals Administrator, Office of the General Counsel, in Washington, D.C.  Id.  Appeal to the General Counsel is the final administrative appeal.  28 C.F.R. § 542.15(a).

Defendants contend that Carter's failure to exhaust all available administrative remedies through the three-level process set forth in the BOP's administrative remedy program deprives this Court of subject matter jurisdiction and, therefore, the

case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Specifically, defendants assert that Carter has never filed administrative remedy requests on the issues raised by his complaint or any other issues during his entire period of incarceration.

Carter vigorously disputes that assertion. He contends that he completed and submitted two forms to a Correctional Counselor on February 18, 2005, entitled "Administrative Remedy Procedures for Inmates Informal Resolution Form" in which he outlined his complaint and listed his requested relief. Copies of those forms are attached to Carter's opposition. Carter asserts that after he filled out and submitted those forms, he was notified in February, 2005, that he was leaving FMC Devens for "R and D", which he does not define. Carter states:

> [W]hen I arrived at R-D, I was told it was a mistake...[sic] Two days later, my Counselor came to me and ask [sic] me if I had copies of my complaint, [sic] I asked him why would he want to know that, [sic] this person told me that he tore up my paper work, talking about my administrative Remedy....

According to Carter, his Counselor told him that he tore up the forms because he believed that Carter was leaving FMC Devens.

Carter's explanation is muddled and inartfully phrased but, if his assertions are correct, defendants' contention that he failed to exhaust administrative remedies is compromised by the alleged government misconduct. Moreover, Carter's allegations, if true, raise troubling questions about the government's actions

towards inmate complaints at FMC Devens. Carter's allegations may be inaccurate but, until such time as defendants have responded to his assertion, this Court will not dismiss plaintiff's complaint for lack of subject matter jurisdiction for failure to exhaust available administrative remedies. There is a genuine fact question as to whether Carter's attempt to do so was thwarted by either government incompetence or misconduct.

### B.   Failure to State a Claim

Of defendants' remaining grounds for dismissal, the most significant is their contention that Carter's complaint fails to state a claim upon which relief can be granted.

#### 1.   Legal Standard

A court may not dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "unless it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir. 1998)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000) aff'd, 248 F.3d 1127 (1st Cir. 2000).

Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollett, 83 F. Supp. 2d at 208.

In reviewing the dismissal of a pro se complaint for failure to state a claim, the Court must construe it liberally and consider the allegations in the light most favorable to the plaintiff. Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980). Dismissal is warranted only if the plaintiff is not entitled to relief under any set of facts he could prove. Id. "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." Id.

### 2.  Analysis

In Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61 (1st Cir. 2004), the First Circuit made it clear that "[a]ll civil rights actions are subject to [Fed. R. Civ. P.] 8(a)'s notice pleading regime" and that heightened pleading would not apply "except in cases in which either a federal statute or specific Civil Rule requires such a result". Id. at 66-67. Thus, under Rule 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is

entitled to relief." The critical requirement of Rule 8 is that the plaintiff's complaint give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

Despite its endorsement of liberal pleading standards, even with respect to civil rights actions, the First Circuit has stated that "notice pleading notwithstanding, Rule 12(b)(6) is not entirely a toothless tiger." Dartmouth Review v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989). From that premise, the First Circuit made two critical points in Educadores. First, it noted that

> in a civil rights action as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why – although why, when why means the actor's state of mind, can be averred generally. ... [T]he requirements of Rule 8(a)(2) are minimal – but "minimal requirements are not tantamount to nonexistent requirements."

367 F.3d at 68 (citation omitted).

Second, the First Circuit expressed the need for a minimal measure of specificity in the complaint. Specifically, when evaluating a motion made pursuant to Fed. R. Civ. P. 12(b)(6), courts must "eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets." Id. While a plaintiff need not plead facts in evidentiary detail, he must "allege a factual predicate concrete enough to warrant further proceedings." See United States ex rel. Karvelas v. Melrose-

Wakefield Hosp., 360 F.3d 220, 240 (1st Cir. 2004).  A complaint will be deemed insufficient if all it does is "parrot[] the language of a statutory cause of action, without providing some factual support."  Id.

In light of that legal standard, defendants argue that Carter's complaint has failed to allege a single unconstitutional act or omission committed by them.  Defendants assert that Carter has modeled his complaint in the "catch phrases" of an Eighth Amendment Bivens action but has utterly failed to provide any detail as to what any individual defendant specifically did or did not do.  Rather, defendants point out that Carter names the defendants in the first paragraph of his complaint and then proceeds to complain about the "medical staff" and their 1) general failure to provide him surgery on his toe, 2) decision to transfer him to a non-medical facility and 3) failure to address his alleged pain.  Without knowing which specific actions or omissions are linked to which specific individuals, defendants contend that they cannot adequately respond to Carter's complaint and, therefore, it must be dismissed for failure to comply with Fed. R. Civ. P. 8 and failure to state a claim upon which relief can be granted.

Defendants' criticisms are, perhaps, exaggerated.  After referring to the individual defendants as the "medical staff" in the opening paragraph of his complaint, Carter proceeds to

-9-

describe the alleged collective actions or omissions of those defendants in relation to his § 1983 action.  He states that the "medical staff refuse [sic] to provide the medically required treatment and care [to him] that was necessary", specifically toe surgery to deal with the Charcot-Marie-Tooth disease affecting him.  Carter alleges that the "medical staff and Doctors" deprived him of "the minimal civilized measure of life's necessities" and that "officials were aware of his serious medical need, and disregarded a substantial risk of serious harm" to his health.  He states that

> I submitted numerous sick-call, IRTS, and the staff I contacted [sic].  Three week [sic] after I submitted my Informal Resolution form, I was transfered [sic] to F.C.I. Ashland, and this is not a medical center.  The conduct of the medical staff and official knowledge of a substantial risk to my health can be inferred from the very fact that the risk was obvious.

Carter then proceeds to detail the specific nature of his medical condition that made the risk obvious to the FMC Devens medical staff.  Carter again contends that "after several direct requests and after a sick call slip was sent to the infirmary, and a 8 ½ administrative remedy form was submitted" he was still denied adequate treatment and was transferred to a non-medical facility at FCI Ashland.  He concludes by stating that the officials at the medical center failed to respond to his complaints about his serious pain and that such officials were deliberately indifferent to his serious medical needs.

Plaintiff's complaint is terse and disjointed, especially with respect to "who did what to whom, when, where, and why". Nevertheless, this Court is mindful of the fact that plaintiff is proceeding pro se and that his complaint must be construed liberally in light of that status.

Moreover, plaintiff's complaint, although thin on detail, provides sufficient notice to the defendants of his § 1983 claim alleging deliberate indifference to his serious medical needs. Although each defendant may not be apprised of Carter's specific allegations against him/her, the general nature of the claims against the FMC Devens medical staff (of which they are all members) is described.  Specifically, Carter has alleged that the medical staff subjected him to cruel and unusual punishment by not operating on his diseased toe, failing to address his complaints of pain and then transferring him to a non-medical facility.  At this very early stage in the litigation, that allegation is enough for plaintiff to proceed.

Defendants are not without recourse.  Justice Thomas, writing for the Court in Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), stated:

> If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56.  The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.

Id. at 514.

    **C.   Defendants' Other Grounds for Dismissal**

In their motion, defendants raise three other grounds for dismissal: 1) to the extent that the defendants are named in their official capacities, they are entitled to sovereign immunity and should be dismissed as defendants, 2) they are entitled to dismissal on the basis of qualified immunity and 3) defendant Janisko is entitled to absolute immunity due to his status as a Public Health Service employee.  In light of plaintiff's sparse pleading, however, this Court is not yet able to evaluate the merits of defendants' arguments.  Plaintiff has failed to specify whether he is suing the defendants in their official or individual capacities.  Furthermore, he has made no specific allegations against individual defendants, thereby making it difficult to test their qualified immunity argument.

    **D.   Motion for a More Definite Statement**

When a complaint pleads a viable legal theory but is so unclear that the opposing party cannot respond to the complaint or frame an answer, a court has the option of converting, sua sponte, a motion made pursuant to Fed. R. Civ. P. 12(b)(6) to a motion for a more definite statement under Fed. R. Civ. P. 12(e). See Humpherys v. Nager, 962 F. Supp. 347, 352-53 (E.D.N.Y. 1997); Perkins v. Sch. Bd. of Pinellas County, 152 F.R.D. 227, 228 (M.D. Fla. 1993)(converting a Rule 12(b)(6) motion into a Rule 12(e)

motion). Moreover, Rule 12(e) relief is the most suitable remedy where, as here, the plaintiff is proceeding pro se and the parties are unable to engage in discovery until they are capable of identifying the specific claims against the specific individuals. See Hilska v. Jones, 217 F.R.D. 16, 25 (D.D.C. 2003).

This Court hereby converts defendants' motion to dismiss for failure to state claim into a motion for a more definite statement and will allow the converted motion. In providing the defendants and this Court with a more definite statement of his claims, plaintiff will 1) state whether his claims are against the defendants in their individual and/or official capacities and 2) provide specificity with respect to which defendant committed which act and when such act or omission was committed.

## ORDER

In accordance with the foregoing, Defendants' Motion to Dismiss (Docket No. 12), which is considered to be a motion for a more definite statement, is **ALLOWED**. Plaintiff will file a more definite statement of his claims in compliance with this Order on or before July 31, 2006.

**So ordered.**

                                       /s/ Nathaniel M. Gorton
                                       Nathaniel M. Gorton
                                       United States District Judge

Dated June 26, 2006